# MUTUAL ARBITRATION AGREEMENT

This Mutual Arbitration Agreement is a contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice.

1. This Mutual Arbitration Agreement ("Agreement") is between Employee (sometimes referred to herein as "You," "Your," or "Employee") and Bobanks Holdings, LLC ("COMPANY"). The parties understand and agree that this Agreement is enforceable under and subject to the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) ("FAA"). The parties agree that this Agreement shall be construed, interpreted, and its validity and enforceability determined in accordance with the FAA. To the extent the FAA does not apply to a particular dispute or to one or both parties, the parties stipulate and agree that the arbitration law of the state where the arbitration is to be convened will apply. The parties also understand and agree that the COMPANY is engaged in transactions involving interstate commerce and that this Agreement evidences a transaction involving interstate commerce. EXCEPT AS THIS AGREEMENT OTHERWISE PROVIDES, ALL DISPUTES COVERED BY THIS AGREEMENT WILL BE DECIDED BY A SINGLE NEUTRAL ARBITRATOR THROUGH FINAL AND BINDING ARBITRATION AND NOT BY WAY OF COURT OR JURY TRIAL.

2. **COVERED CLAIMS/DISPUTES.** This Agreement is intended to be as broad as legally permissible, and, except as it otherwise provides, this Agreement applies to any and all disputes that may arise between Employee (sometimes "you" or "your") and COMPANY, including without limitation any dispute arising out of or related to Employee's application, employment and/or separation of employment with COMPANY, and survives after the employment relationship ends. This Agreement applies to a covered dispute, past, present, or future, that COMPANY may have against Employee or that Employee may have against the COMPANY and/or any of its: (1) parent companies, subsidiaries, related companies and affiliates and d/b/as; (2) officers, directors, shareholders, owners, members, employees, managers or agents (in their capacity as such or otherwise); (3) benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates or agents; (4) PEOs or "co-employers" (including, without limitation, Genesis Partners LLC); and (5) successors or assigns. Each and all of the entities or individuals listed in (1) through (5) of the preceding clause can enforce this Agreement as direct or third-party beneficiaries.

    Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, including without limitation, to disputes arising out of or relating to the application for employment, background checks, privacy, employment relationship, or the termination of that relationship (including post-employment defamation or retaliation), trade secrets, unfair competition, compensation, commissions, bonuses, classification, minimum wage, expense reimbursement, overtime, breaks and rest periods, or retaliation, discrimination, or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, Civil Rights Act of 1991, 8 U.S.C. § 1324b (unfair immigration related practices), 41 U.S.C. § 4712, Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Occupational Safety and Health Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the COMPANY and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Consolidated Omnibus Budget Reconciliation Act of 1985, the False Claims Act, and state statutes or regulations, if any, addressing the same or similar subject matters, and all other federal or state legal claims (including without limitation torts) arising out of or relating to your application, selection, employment, or the termination of employment.

    Additionally, Employee and the COMPANY agree that the Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the formation, scope, applicability, interpretation, enforceability, validity, waiver, revocability or breach of this Agreement, including, but not limited to, any claim that all or part of this Agreement is void or voidable. However, the preceding sentence does not apply to claims under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, and it does not apply to the Class and Collective Action Waivers below. Notwithstanding any other provision or language in this Agreement and/or any rules or procedures that may otherwise apply by virtue of this Agreement (including, without limitation, the AAA Rules referenced below) or any amendments and/or modifications to those rules, any claim that the Class and Collective Action Waivers are unenforceable, inapplicable, unconscionable, or void or voidable, will be determined only by a court of competent jurisdiction and not by an arbitrator.

3. **LIMITATIONS ON HOW THIS AGREEMENT APPLIES AND CLAIMS NOT COVERED BY THIS AGREEMENT.** The Agreement does not apply to: (i) claims for worker's compensation benefits, state disability insurance or unemployment

insurance benefits; (ii) claims for employee benefits under any benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA") or funded by insurance; however, this Agreement does apply to any claims for breach of fiduciary duty, for penalties, or alleging any other violation of ERISA, even if such claim is combined with a claim for benefits; (iii) disputes that an applicable federal statute or lawful, enforceable Executive Order expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; and (iv) disputes that may not be subject to pre-dispute arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021. Also not covered are claims brought in small claims court (or equivalent court in the state where you works/ed for COMPANY), so long as such claims are brought only in that court. If any such claim is transferred or appealed to a different court, then this Agreement will apply and either party may require arbitration of the claim. If any claim(s) not covered under this Agreement above are combined with claims that are covered under this Agreement, to the maximum extent allowed under applicable law, the covered claims will be arbitrated and continue to be covered under this Agreement.

Nothing contained in this Agreement shall be construed to prevent or excuse you (individually or in concert with others) or the COMPANY from utilizing the COMPANY's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures. In addition, either party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, including, without limitation, any disputes arising out of or related to the Staff Employee Non-Disclosure and Non-Compete Agreement (or similar agreement) between you and the COMPANY, in accordance with applicable law, and any such application shall not be deemed incompatible with or waiver of this agreement to arbitrate. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration.

Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, National Labor Relations Board, Occupational Health and Safety Administration or the Office of Federal Contract Compliance Programs, or law enforcement agencies. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. The COMPANY will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under the National Labor Relations Act. This Agreement also does not prevent or prohibit you in any way from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse or a crime, or from making truthful statements as required by law.

4. **NOTICE OF ARBITRATION DEMAND.** All claims in arbitration are subject to the same statutes of limitation (deadline for filing) that applicable law prescribes for the claim. The party bringing the claim must demand arbitration in writing and deliver the written demand by hand, overnight delivery or first-class mail to the other party within the applicable statute of limitations period. The written Demand for Arbitration to the COMPANY must be sent via mail to the COMPANY's registered agent for service of process, Attn: Registered Agent, 2815 W. Walnut, Suite B, Rogers, AR 72756, with a courtesy copy of the Demand for Arbitration also sent via email to 58323@homehelpershomecare.com. Employee will be given notice of any Demand for Arbitration by the COMPANY at the last home address provided by Employee as reflected in the COMPANY's system of record. The Demand for Arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and specification of the relief and/or remedy sought. The Arbitrator will resolve all disputes regarding the timeliness or propriety of the Demand for Arbitration and apply the statute of limitations that would have applied if the claim(s) had been brought in court.

5. **SELECTION OF THE ARBITRATOR AND ARBITRATION RULES.** If a covered claim is not resolved via informal resolution, the parties will proceed to final and binding arbitration before a single arbitrator to be administered by the American Arbitration Association ("AAA"), and except as provided in this Agreement, will be under the then current Employment Arbitration Rules of the American Arbitration Association (the "AAA Rules") (the AAA Rules are available via the internet at www.adr.org or by searching for "AAA Employment Arbitration Rules" using a service such as www.DuckDuckGo.com or by asking the COMPANY's Human Resources department for a copy); provided, however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement will govern. The parties will first attempt to select the neutral arbitrator by mutual agreement. Unless the parties mutually agree otherwise, the Arbitrator will be either an attorney experienced in employment law or a retired judge from any jurisdiction (the "Arbitrator"), and the arbitration will take place in or near the city and in the same state in which Employee is or was last employed by the COMPANY as reflected in the COMPANY's system of record. If the parties are unable to mutually agree to an Arbitrator, the parties agree to use an Arbitrator affiliated with AAA, to be selected as follows: AAA will give each party a list of eleven (11) potential Arbitrators (who are subject to the qualifications

listed in the preceding paragraph) drawn from its panel of Arbitrators. Each party will have ten (10) calendar days to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual will be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties will strike names alternately from the list of common names by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one remains. If no common name remains on the lists of all parties, AAA will furnish an additional list of eleven (11) potential Arbitrators from which the parties will strike alternately by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one name remains. That person will be designated as the Arbitrator. If the individual selected cannot serve, AAA will issue another list of eleven (11) potential Arbitrators and repeat the alternate striking selection process. If for any reason AAA will not administer the arbitration or is unwilling to administer the arbitration consistent with this Agreement, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator, who shall act under this Agreement with the same force and effect as if he or she had been specifically named herein.

6. **PRE-ARBITRATION HEARING PROCEDURES.** The Arbitrator has the authority to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in-person, as the Arbitrator deems appropriate. Either party may file dispositive motions, including, without limitation, a motion to dismiss and/or a motion for summary judgment, and the Arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure. Upon the request of either party, the Arbitrator will set a briefing schedule for such motions. A party may make an offer of judgment in a manner consistent with, and within the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure.

7. **DISCOVERY, CONDUCT OF ARBITRATION PROCEEDINGS AND ARBITRATOR WRITTEN DECISION/AWARD.** In arbitration, Employee and the COMPANY are entitled to adequate civil discovery sufficient to explore the factual basis of the claims and defenses asserted. Accordingly, each party can take the deposition of two (2) individual fact witnesses and any expert witness designated by another party. Each party also has the right to make requests for production of documents to any party and written interrogatories (not to exceed ten (10)). And, each party will also have the right to subpoena witnesses and documents for the arbitration, including documents relevant to the case from third parties in accordance with any applicable state or federal law. The parties can jointly agree to more discovery, and either party can ask the Arbitrator to order more discovery. The Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the Arbitrator's determination regarding whether additional discovery is warranted by the circumstances of a particular case. At least thirty (30) days before the final hearing, the parties must exchange a list of witnesses, excerpts of depositions to be introduced, and copies of all exhibits to be used.

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. The Federal Rules of Evidence shall apply. The Arbitrator may award any remedy to which a party is entitled under applicable law, but remedies are limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual under applicable law will be forfeited by this Agreement.

The Arbitrator will issue a written decision or award no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The Arbitrator's opinion will be in writing and include the factual and legal basis for the award. Either party may petition a court of competent jurisdiction to confirm, enforce, correct or vacate the Arbitrator's opinion and award.

8. **PAYMENT OF ARBITRATION FEES AND COSTS.** The COMPANY will pay for the administrative costs and Arbitrator's fees and expenses associated with arbitration under this Agreement; except that you must pay the initial filing fee assessed by AAA, but you will not be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. If you are financially unable to pay a filing fee, as determined by AAA or the Arbitrator, you will be relieved of the obligation to pay the filing fee. Each party will pay for her/his/its own costs and attorneys' fees, if any, but if any party prevails on a claim which affords the prevailing party costs or attorneys' fees, or if there is a written agreement providing for costs and/or attorneys' fees, the Arbitrator may award costs and reasonable attorneys' fees to the prevailing party, applying the same standards a court would apply under the law applicable to the claim(s). The Arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

9. **CLASS AND COLLECTIVE ACTION WAIVERS.** The Company and you agree to bring any claim on an individual basis and not as a class or collective action. Accordingly,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver"). The Class Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction – not in arbitration.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action and the Arbitrator will have no authority to hear or preside over any such claim ("Collective Action Waiver"). The Collective Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction – not in arbitration.

10. **ENTIRE AGREEMENT/SEVERABILITY/CONSTRUCTION.** This Agreement replaces all prior agreements (oral, written, electronic) regarding the arbitration of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. In addition, the parties expressly agree that any Staff Employee Non-Disclosure and Non-Compete Agreement (or similar agreement) entered into by you and the COMPANY at any time will be resolved in accordance with this Agreement. For the avoidance of doubt, this Agreement shall not be deemed to invalidate any Staff Employee Non-Disclosure and Non-Compete Agreement (or similar agreement) between you and the COMPANY (meaning that any and all obligations regarding unfair competition, solicitation, confidentiality and invention assignments remain unaffected). In addition to as provided in the Class and Collective Action Waivers above, in the event any portion of this Agreement is deemed invalid, void, voidable or otherwise unenforceable, the unenforceable provision will be severed from the Agreement and the remainder of the Agreement will be enforceable. This Agreement will survive the termination of Employee's employment and the expiration of any benefit, and it inures to the benefit of successors and assigns of the COMPANY. Employee agrees that this Agreement may be assigned by the COMPANY to a subsequent employer, successor or assign and is enforceable by any of them without the need for further consent or approval by Employee. This Agreement will also continue to apply notwithstanding any change in Employee's duties, responsibilities, position, or title, or if Employee transfers to a different entity/division/dba/PEO/successor of the COMPANY and/or if Employee is separated and rehired by the COMPANY and/or any affiliate or entity/division/dba. Notwithstanding any contrary language in any COMPANY policy or employee handbook, this Agreement may not be modified or terminated absent written consent by both parties. Employee agrees that Employee is not executing this Agreement in reliance on any promises or representations other than those contained in this Agreement.

11. **EFFECTIVE DATE.** By signing (electronically or by wet signature if this is a paper copy) this Agreement, Employee is accepting and agreeing to the terms of this Agreement and it becomes effective immediately. However, should Employee not sign this Agreement, continuing employment with the COMPANY for a period of 30 days after your first receipt of this Agreement constitutes mutual acceptance of the terms of this Agreement commencing upon completion of that 30-day period, and the Agreement will be binding on Employee and the COMPANY. Employee has the right to consult with counsel of your choice concerning this Agreement.

12. **CONSIDERATION.** The COMPANY and Employee agree that the mutual obligations by the COMPANY and Employee to arbitrate disputes provide adequate consideration for this Agreement. Employee's consideration for employment, employment, and/or continued employment provide additional consideration for this Agreement.

13. **NO RETALIATION AND AT-WILL EMPLOYMENT STATUS.** The COMPANY will not retaliate against employees for invoking the Agreement in good faith to seek the resolution of a dispute. If any Employee believes that he or she has been retaliated against by anyone at the COMPANY, Employee should immediately report this to the COMPANY's Human Resources department. Employee recognizes and acknowledges that this Agreement does not change the at-will status of Employee's employment and that it is not an agreement offering continued employment or employment for a term. Employee understands that Employee is an at-will employee and may quit at any time without cause or reason and likewise may be terminated by COMPANY at any time with or without cause or reason.

BY ELECTRONICALLY SIGNING THE DOCUMENT BELOW, I AM AGREEING (A) THAT I HAVE RECEIVED, CAREFULLY READ AND UNDERSTAND THIS MUTUAL ARBITRATION AGREEMENT AND VOLUNTARILY AGREE TO ITS TERMS, AND (B) BY SIGNING THIS AGREEMENT BY WET SIGNATURE (IF THIS IS A PAPER COPY) OR BY USING AN ELECTRONIC SIGNATURE (VIA DOCUSIGN OR OTHER ELECTONIC MEANS) ON THE AGREEMENT OR ON A SEPARATE SCREEN (IN WHICH CASE YOUR NAME, SIGNATURE AND DATE MAY NOT APPEAR ON THIS AGREEMENT), I AM VOLUNTARILY AGREEING TO THIS MUTUAL ARBITRATION AGREEMENT AND AGREE TO ARBITRATE CLAIMS COVERED BY THIS AGREEMENT. ADDITIONALLY, IF I AM USING AN ELECTRONIC SIGNATURE, I AUTHORIZE THE USE OF AN ELECTRONIC SIGNATURE TO SHOW MY ACCEPTANCE OF AND AGREEMENT TO THIS AGREEMENT, AND UNDERSTAND AND ACKNOWLEDGE THAT MY

ELECTRONIC SIGNATURE (EVEN IF IT DOES NOT PHYSICALLY APPEAR ON THIS PAGE) IS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.

RECEIVED AND AGREED:

*[signature]*　　　　　　　　　　　　　08/12/2025

APPLICANT/EMPLOYEE SIGNATURE　　　　　　　DATE

**David Stebbins**

APPLICANT/EMPLOYEE NAME PRINTED

AND

AGREED: BOBANKS HOLDINGS, LLC