payment of $628.20 per month plus $79 per month in food stamps. His monthly income (not including the food stamps) exceeds his stated monthly expenses (totaling $458.70) by $169.50. It appears that, while a $400.00 filing fee would effectively prevent Mr. Stebbins from filing a case in federal court, Mr. Stebbins does have the ability to pay a refundable bond in order to file a complaint in this District. Mr. Stebbins may also be properly limited in the number of cases he may file in a given time period. *Tyler*, 839 F.2d at 1294 (limiting indigent prisoner plaintiff to filing one case per month).

For the reasons set forth above, and having conducted a *de novo* review in regard to Mr. Stebbins's objections to the Report and Recommendations, the Court hereby ADOPTS the Report and Recommendation (Doc. 7), with certain modifications in accordance with this Order.

**IT IS ORDERED** that Mr. Stebbins's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED.

**IT IS FURTHER ORDERED** that Mr. Stebbins's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted and, additionally and alternatively, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Mr. Stebbins is limited to filing one case in the federal courts for the Western District of Arkansas per every three calendar months. All claims in any case should be properly joined or the case may be subject to dismissal. This condition is effective immediately. As Mr. Stebbins recently filed a new case in this Court on July 2, 2013, he is enjoined, pursuant to this condition, from filing another case until October 1, 2013.[3]

---

[3] This, or any other condition placed herein by the Court, does not limit Mr. Stebbins's ability to file a claim, alleging in clear, specific language that he has been, or is about to be subjected to immediate, extraordinary, and irreparable physical harm, such allegations being supported by an

**IT IS FURTHER ORDERED** that Mr. Stebbins is enjoined from filing any lawsuit in federal court in this District, the Western District of Arkansas, unless he:

1. Posts a $100 refundable bond with the Clerk of Court. The bond will be held by the Clerk of Court. If Mr. Stebbins's complaint passes an initial prescreening review under 28 U.S.C. § 1915, and Mr. Stebbins litigates the case in accordance with Federal Rule of Civil Procedure 11, and particularly Rule 11(b), the bond will be returned to him at the conclusion of his case. If Mr. Stebbins's case is found to be subject to dismissal upon initial review and/or Mr. Stebbins fails to behave in accordance with Rule 11, the $100.00 bond will be forfeited to the Court as partial payment of the filing fee;

   [Annotation: Reduced to $50 on reconsideration; see Document 20]

2. Attaches a copy of this Order to his Complaint; and

3. Attaches an affirmation, signed by Mr. Stebbins, of the date of his most recent prior filing of a new case in this District.

The Clerk is directed to return any complaint from Mr. Stebbins that is not filed in compliance with this Order.

Nothing in this Order will prohibit Mr. Stebbins from proceeding as a proponent in any civil claim in this District with the representation of an attorney licensed to practice in the State of Arkansas and admitted to practice in this District. Nothing in this Order will prohibit Mr. Stebbins from defending himself in any criminal or civil litigation brought against him in this District.

Further, Mr. Stebbins is advised not to yell at court staff or use abusive language in any

---

accompanying affidavit setting forth clearly and specifically the facts giving rise to the complaint and any documentation of such facts that might exist.

Having reviewed Mr. Stebbins's motion, the Court finds that the motion should be granted in part. Based on the additional financial information provided by Mr. Stebbins, <u>the Court will reduce the required refundable bond to $50.</u>

The motion will be denied, however, as to Mr. Stebbins's request that he be considered to be represented by counsel if he produces proof that an attorney licensed to practice in Arkansas has advised him that he has a colorable and nonfrivolous cause of action. An email indicating that an attorney responded affirmatively to Mr. Stebbins's emailed inquiry as to whether he might "have a snowball's chance in hell" on a briefly summarized claim (*see* Doc. 11, p. 5), is not in any way similar to actually having an attorney represent Mr. Stebbins in a given action. Furthermore, the exception allowing Mr. Stebbins to file a lawsuit if represented by counsel is not based solely on the fact that it would be an indication that the lawsuit was filed in good faith. Rather, if Mr. Stebbins were represented by counsel, it would be a continuing assurance to the Court that filings made throughout the entire course of the litigation would have a good-faith basis, or the attorney would risk disciplinary action. It would likewise safeguard against filings and communications during the litigation that do not comport with the Court's expectations of decorum and civility. (*See, e.g.,* Case no. 12-cv-03022, Doc. 92, in which Mr. Stebbins put the following statement in very large font setting, in bold, underlined, and all capital letters: "NOT THE MOTHER-F***ING JUDGE!!!!").

For the above-stated reasons, IT IS ORDERED that Mr. Stebbins's motion (Doc. 11) to amend order is GRANTED IN PART and DENIED IN PART. An amended order will be entered consistent with this opinion.